# John Kilgallon *v.* The President, Managers and Company of the Delaware & Hudson Canal Company, Appellants.

*Negligence—Railroads—Coal company—Infant.*

Defendants' foreman placed the plaintiff, a boy ten years old, without any special instructions, at a revolving canvas screen on which coal was carried from a point below a dock, diagonally up through an open space in the dock floor to a point above, where it was emptied into a feeder, whence it passed to boats below. It was plaintiff's duty to sit between the screen and a sheave wheel, revolving parallel with and eighteen inches or two feet from 'it, and as the coal came up to pick out from it the pieces of slate and refuse and throw them into a box at his side. In the immediate vicinity other screens and wheels were revolving, cars were being run and dumped, and an elevator was hoisting coal. Plaintiff had been employed at this screen for about a day, when in making a turn his arm was caught by the spokes of the sheave wheel, and he was carried around the wheel and severely injured. *Held,* that the case was for the jury.

Argued Feb. 24, 1896. Appeal, No. 394, Jan. T., 1896, by defendants, from judgment of C. P. Wayne Co., March T., 1894, No. 202, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Affirmed.

Trespass for personal injuries. Before PURDY, P. J.

Plaintiff in his statement averred that he was injured on November 20, 1883, while employed by the defendant as a slate picker, and placed at work in a small space either between a canvas screen and a revolving wheel, or by the side of the canvas screen and close to the wheel by its side or in front of the said wheel; with averment that "said injuries were occasioned through the fault and negligence of the said defendant in placing the plaintiff in so hazardous a position, and in not cautioning him or explaining to him the dangers attending his labors, and in not placing fenders or some protection between plaintiff's position while at duty and the said wheel, and in not otherwise attending to the safety of the plaintiff while in the performance of his said duties."

At the trial it appeared that at the time of the accident plain-

tiff was about ten years old. He was placed by the foreman of the defendants at a revolving canvas screen to pick coal, but was not given any special instruction. The canvas screen was used as a carrier on which coal was carried from a point below a dock diagonally up through an open space in the dock floor to a point above, where it emptied into a feeder from whence it passed to boats below. Plaintiff occupied a position between the canvas screen from which he was to pick the slate, and a sheave wheel revolving parallel with the revolving screen. It was the plaintiff's duty to sit on a bench by the side of the canvas screen facing down the carrier, and as the coal came up to pick out from it the pieces of slate and refuse and throw them into a box at his side. The distance of the sheave wheel from the canvas screen was variously stated at from one and one half feet to two feet. In the immediate vicinity other screens and wheels were revolving, cars were being run and dumped, and an elevator was hoisting coal. Plaintiff had been employed at this screen for about a day, when in making a turn his arm was caught by the spokes of the sheave wheel, and he was carried around the wheel, and severely injured.

Defendants' point among others was as follows:

4. Under all the evidence in this case the verdict of the jury must be for the defendant. *Answer:* That is refused.

Verdict and judgment for plaintiff for $2,000. Defendants appealed.

*Error assigned* was above instruction, quoting it.

*Homer Greene,* for appellants.—A person of tender years accepts the risk of his employment in the same way as an adult, and it is only when the dangers connected with his employment are those that are not open and obvious to him that any warning is required: Brewer v. Scott, 4 Penny. 482; O'Keefe v. Thorn, 24 W. N. C. 379; Zurn v. Tetlow, 134 Pa. 213; Ford v. Anderson, 139 Pa. 261; Titus v. R. R., 139 Pa. 618; Sykes v. Packer, 99 Pa. 465; Sullivan v. India Mfg. Co., 113 Mass. 396; Buckley v. Gutta-Percha Mfg. Co., 113 N. Y. 540; Hickey v. Taaffe, 105 N. Y. 26; Kaufhold v. Arnold, 163 Pa. 281.

If there was any negligence in relation to these matters it was the negligence of a fellow servant for which the company

was not responsible : McCool v. Coal Co., 150 Pa. 638 ; Waddell v. Simoson, 112 Pa. 567 ; Lehigh Valley Coal Co. v. Jones, 86 Pa. 432 ; Redstone Coke Co. v. Roby, 115 Pa. 364 ; Del. & Hudson Canal Co. v. Carroll, 89 Pa. 374 ; Haley v. Keim, 151 Pa. 117 ; Lineoski v. Susquehanna Coal Co., 157 Pa. 153.

Until the plaintiff has eliminated the possibility of other causes by giving sufficiently explicit evidence of the real cause of the accident, to show that it was due to the defendant's negligence, he cannot recover : Pittston Coal Co. v. McNulty, 120 Pa. 414 ; Phila. & Reading R. R. v. Schertle, 97 Pa. 450 ; R. R. v. Hughes, 119 Pa. 301 ; Hart v. Allen, 2 Watts, 114 ; Reese v. Clark, 146 Pa. 465 ; Huey v. Gahlenbeck, 121 Pa. 238 ; 16 Am. & Eng. Ency. of Law, 428 ; West Mahanoy Twp. v. Watson, 116 Pa. 344 ; Oil Creek & Allegheny Ry. v. Keighron, 74 Pa. 316.

*Charles A. McCarty*, for appellee.—The proximate cause of any event must be understood to be that which is a natural and continuous sequence, unbroken by any new cause to produce that event, and without which that event would not have occurred : Sherman and Redfield on Negligence ; Oil Creek & Allegheny River R. R. v̇. Keighorn, 74 Pa. 316 ; Ryan v. New York Cent. R. R., 35 N. Y. 210 ; R. R. v. Kerr, 62 Pa. 353 ; Empire Transportation Co. v. Wamsutta Oil & R. Co., 63 Pa. 14 ; 16 Am. & Eng. Ency. of Law, 430 ; Pierce on Railroads, 441 ; West Mahanoy Twp. v. Watson, 116 Pa. 344 ; Hoag & Alger v. R. R., 85 Pa. 293.

A boy's capacity is the measure of his responsibility, and in this case, the plaintiff not having attained the age when sufficient capacity to be sensible of danger and to avoid it can be presumed, the question of contributory negligence was also a question of fact for the jury : Strawbridge v. Bradford, 128 Pa. 200 ; Zurn v. Tetlow, 134 Pa. 213 ; Fisher v. D. & H. Canal Co., 153 Pa. 380 ; Kehler v. Schwenk, 151 Pa. 505 ; Neilson v. Coal & Iron Co., 168 Pa. 256.

The acts of the foreman in such a case were certainly the acts of the company : 7 Am. &. Eng. Ency. of Law, 825 ; R. R. Co. v. Keenan, 103 Pa. 124.

Negligence is always a question for the jury where there is any doubt as to the facts or the inference to be drawn from

them: Penna. Co. v. Long, 15 A. & E. R. R., 345; Coombs v. Cordage, 102 Mass. 522; Kehler v. Schwenk, 151 Pa. 505; Fisher v. D. & H. Canal, 153 Pa. 380; 16 Am. & Eng. Ency. of Law, 465; R. R. v. Barnett, 59 Pa. 259.

PER CURIAM, March 16, 1896:

The sole subject of complaint is the refusal of the learned trial judge to affirm defendants' fourth request for instructions: "Under all the evidence in this case the verdict of the jury must be for the defendant."

There is no complaint as to any other portion of the charge; nor is there any objection to the admission or rejection of testimony. An examination of the latter discloses nothing that would have warranted an affirmance of the above quoted request. To have affirmed it would have been manifest error. In any proper view of the evidence the case was clearly for the exclusive consideration of the jury; and it was fairly submitted to them with full and adequate instructions as to the law applicable to the facts which the evidence tended to prove.

Judgment affirmed.